JUDGE JONES

Cardillo & Corbett
Attorneys for Plaintiff
Thoresen Shipping Singapore Pte. Ltd.
29 Broadway
New York, New York 10006
Tele: 212-344-0464
Fax: 212-797-1212

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 8025

---

THORESEN SHIPPING SINGAPORE PTE. LTD., Plaintiff,

v.

**VERIFIED COMPLAINT**

STEVEN, STEPHAN & TONNY INTERNATIONAL TRADING PTY LTD. and HORNOR RESOURCES INTERNATIONAL CO. LTD., Defendants.

---

SEP 13 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, THORESEN SHIPPING SINGAPORE PTE. LTD. (hereinafter "Plaintiff"), by its attorneys, Cardillo & Corbett, as and for its Verified Complaint against defendants STEVEN, STEPHAN & TONNY INTERNATIONAL TRADING PTY LTD. and HORNOR RESOURCES INTERNATIONAL CO. LTD. (hereinafter referred to individually as "SST" and "HORNOR" and, collectively, as "Defendants"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.

2. Plaintiff is a Thai corporation having an address at 29 International Business Park, #05-05 Acer

Building, Singapore 609923.

3. At all times material, Plaintiff was the disponent owner of the M/V THOR LOTUS (hereinafter the "Vessel").

4. Defendants are foreign corporations and have offices at 2706 China Insurance Building, 166 E. Lujiazui Road, Shanghai, China.

AS AND FOR PLAINTIFF'S CAUSE
OF ACTION AGAINST SST.
BREACH OF CONTRACT

5. Under a contract dated February 19, 2007 (the "Charter Party"), Plaintiff chartered the Vessel to SST for a voyage from a port in India to a port in China with a cargo of iron ore.

6. The Vessel completed loading the cargo at the port of Paradip, India on March 5, 2007 and completed discharge at the port of Jingtang, China on March 26, 2007.

7. Under the terms of the Charter Party, demurrage in the sum of $77,288.96 accrued in favor of Plaintiff in connection with the loading at Paradip, and the further sum of $28,411.04 in demurrage accrued in favor of Plaintiff in connection with the discharge at Jingtang, both of which sums SST failed to pay.

8. SST further failed to pay the sum of 25,876.86 in

freight due to Plaintiff under the terms of the Charter Party.

9. After deduction of commissions due from Plaintiff to SST and a broker under the terms of the Charter Party, there remains due and owing to Plaintiff from SST the sum of $101,813.11.

10. Plaintiff invoiced SST for $101,813.11 on or about March 26, 2007 and thereafter made further demands for payment.

11. Despite these demands, SST has entirely failed to pay the debt due and owing to Plaintiff, whereby Plaintiff has been damaged in the sum of $101,813.11.

12. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in Singapore under English law.

13. Interest, arbitrators' fees and expenses and attorneys' fees and disbursements are routinely awarded to the prevailing party under both Singapore and English law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration.

| | | |
|---|---|---|
| A. | On the principal claim | $101,813.11 |
| B. | 2 years interest at 7% per annum: | $ 21,380.75 |
| C. | Arbitrator's fees and expenses: | $ 35,000.00 |
| D. | Attorneys' fees and disbursements: | 50,000.00 |
| TOTAL | | $208,193.86 |

AS AND FOR PLAINTIFF'S FIRST CAUSE
OF ACTION AGAINST HORNOR.
BREACH OF CONTRACT, IN THAT HORNOR
IS THE ALTER EGO OF SST

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-13 of this Complaint as if set forth at length hereinafter.

15. At all material times Defendants have the same office address and are commonly owned and managed members of a family of companies known as the SS & T Group.

16. At all material times there existed such unity of ownership and interest between the Defendants that no separation exists between them. HORNOR dominates and controls SST such that there is no meaningful difference between them, and SST is the alter ego of HORNOR, in that: (a) HORNOR routinely pays the regular trade accounts of SST and routinely receives the trade payments due to SST; and (b) the monies, funds, and property purporting to belong to SST were and still are commingled with the assets of HORNOR.

17. Plaintiff is aware of four instances of payments by HORNOR of the trade accounts of SST and one instance where SST directed that funds due it be paid to HORNOR, to wit: a) on March 19, 2007 $470,000 of freight due to Plaintiff under the Charter Party from SST was paid by HORNOR; b) on March 19, 2007 $192,000 of freight due to

Plaintiff under the Charter Party from SST was paid by HORNOR; c) on December 13, 2006 $577,649.22 due to Plaintiff under another transportation contract from SST was paid by HORNOR; d) on December 21, 2006 $23,962.20 due to Plaintiff from SST under such other transportation contract was paid by HORNOR, and e) on January 15, 2007 SST directed that $965.71 due to it from Plaintiff under such other transportation contract be paid to HORNOR.

18. By reason of the alter ego relationship between the Defendants, HORNOR is fully liable to Plaintiff for the sums due under the Charter Party as alleged herein.

AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST HORNOR-HORNOR WAS THE UNDISCLOSED PRINCIPAL OF ITS AGENT SST WITH RESPECT TO THE CHARTER PARTY.

19. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 18 of this Complaint as if set forth at length hereinafter.

20. The role of SST within the SS & T Group is to obtain transportation from third parties-in this case the Plaintiff-to service the business of other members of the SS & T Group-in this case HORNOR.

21. SST did not act at arms length and as a principal towards its affiliate, HORNOR, in securing the Charter Party and thereby obtaining the needed transportation

service for HORNOR's business, but acted as HORNOR's agent in that regard.

22. SST did not make the usual arms length sub-charter party contract with HORNOR, nor receive the usual sub-freight payments from HORNOR for providing the transportation services of the Vessel to HORNOR, thereby confirming its role as the mere agent for HORNOR.

23. Although SST appears on the Charter Party as the charterer, i.e., as a principal, it acted as the agent of its undisclosed principal, HORNOR.

24. By reason of its role as undisclosed principal under the Charter Party, HORNOR is fully liable to Plaintiff for the damages claimed herein.

DEFENDANTS CANNOT BE FOUND WITHIN THE DISTRICT

25. Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of a garnishees including, but not limited to, American Express Bank, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Credit Suisse First Boston, Deutsche Bank, HSBC

(USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank.

26. Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8 attaching, *inter alia*, any assets of Defendants held by the garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure Plaintiff's claim in arbitration as described above.

WHEREFORE, Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express

Bank, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Credit Suisse First Boston, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are the property of the Defendants, in the amount of $208,193.86 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

C. That this Court retain jurisdiction over this matter through the entry of a final arbitral award and any appeals thereof; and

D. That Plaintiff has such other further and different relief as this Court may deem just and proper.

Dated: September 13, 2007
New York, New York

The Plaintiff
THORESEN SHIPPING SINGAPORE PTE. LTD.

By: ______________________
Francis H. McNamara (FM4649)
Cardillo & Corbett
29 Broadway
New York, New York 10006
Tel: 212-344-0464
Fax: 212-797-1212

**ATTORNEY VERIFICATION**

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

1. My name is Francis H. McNamara.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff, Thor Lotus Shipping Co., Ltd., in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff through its attorneys in Singapore, all of which I believe to be true and accurate.

Dated: September 13, 2007
New York, New York

FRANCIS H. McNAMARA (FM 4649)

Sworn to before me this
13th day of September, 2007

Notary Public

TULIO R. PRIETO
Notary Public, State of New York
No. 02PR6070011
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 19, 2010